UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JAM L. DÍAZ-PAGÁN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 12-1980 (JAF)

(Criminal No. 11-465)

**OPINION AND ORDER**

Petitioner, Jam L. Díaz-Pagán, appearing pro se, brings this petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed was in violation of the laws or constitution of the United States. (Docket No. 3.) The government opposes. (Docket No. 10.)

**I.**

**Background**

On January 12, 2012, Petitioner entered a straight plea of guilty to three counts pending against him. (Crim. Docket Nos. 20; 31.) The first two counts were for possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841. (Crim. Docket Nos. 12; 31.) Count Three was for possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). (Crim. Docket Nos. 12 at 2; 31.) On April 11, 2012, this court sentenced to Petitioner to seventy-two months in prison: twelve months for Counts One and Two, to run concurrently with each other; and sixty months for Count Three, to run consecutively. (Crim. Docket No. 25.) Petitioner did not appeal.

In this collateral challenge, Petitioner argues only one ground for relief. (Docket No. 3.) Petitioner argues that the mere presence of a firearm at the scene of the crime is not sufficient to support a conviction of possession in furtherance of a drug-trafficking crime under § 924(c). (Docket No. 3.) This argument fails.

## II.

### Legal Standard

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review). As mentioned in a recent holding, we are concerned with the rights of litigants, but we must protect the integrity of the federal court system against meritless allegations. Lassalle-Velázquez v. United States, No. 12-1795, 2013 U.S. Dist. WL ____, at *__ (D.P.R. June 10, 2013) (using meritless arguments to collaterally challenge federal convictions through § 2255 petitions is overburdening federal district courts and leading to some criminal cases being entirely re-litigated).

## III.

### **Discussion**

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner entered an unconditional guilty plea to the counts pending against him, including Count Three of the indictment. (Crim. Docket Nos. 20; 31.) Count Three charged him with possession in furtherance of a drug crime under § 924(c). (Crim. Docket Nos. 20; 31.) Petitioner's unconditional guilty plea "waived all non-jurisdictional challenges to the resulting conviction . . . save claims that the plea was not knowing and voluntary." United States v. Gonzalez-Mercado, 402 F.3d 294, 300 (1st Cir. 2005) (internal citations omitted). Petitioner does not argue that his plea was not knowing and voluntary, and his argument regarding sufficiency of the evidence under § 924(c) is not jurisdictional. See Gonzalez-Mercado, 402 F.3d at 300 (noting that "a jurisdictional defect is one that calls into doubt a court's power to entertain a matter, not one that merely calls into doubt the sufficiency or quantum of proof relating to guilt.") (quoting Cordero v. United States, 42 F.3d 697, 698 (1st Cir. 1994)). Petitioner's claim, therefore, fails. See id.

In any case, Petitioner's argument that the evidence is insufficient for a conviction under § 924(c) is mistaken. The First Circuit has held that: "When guns and drugs are found together and a defendant has been convicted of possession with intent to distribute, the gun, whether kept for protection from robbery of drug-sale proceeds, or to enforce payment for drugs, may reasonably be considered to be possessed 'in furtherance of' an ongoing drug-

trafficking crime." United States v. Grace, 367 F.3d 29, 35 (1st Cir. 2004) (internal citations omitted). An affidavit filed by a Special Agent of the Bureau of Alcohol, Tobacco and Firearms (ATF) alleged that Petitioner was arrested in a Bayamón residence in possession of 110 decks of heroin, 286 baggies of marijuana, and a Smith and Wesson Pistol loaded with 9 mm. caliber ammunition, all found in his bedroom. (Docket No. 3-2.) At the change-of-plea hearing, the government proffered that it was prepared to prove that Petitioner acknowledged the firearm and narcotics were his. (Crim. Docket No. 31 at 13.) Petitioner accepted this proffer and pleaded guilty to all three counts. (Crim. Docket No. 31 at 15.) This was clearly enough evidence to support a conviction under § 924(c) under First Circuit precedent. See Grace, 367 F.3d at 35.

Finally, we note that Petitioner's claim is also procedurally defaulted. Berthoff v. United States, 308 F.3d 124, 128 (1st Cir. 2002) (internal citations omitted). Petitioner has failed to show any cause or prejudice for his failure to raise this claim on direct appeal. The claim is, therefore, procedurally defaulted. See id.

## IV.

### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Díaz-Pagán has not

yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Díaz-Pagán may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 3). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 7th day of August, 2013.

<pre>
                                             S/José Antonio Fusté
                                             JOSE ANTONIO FUSTE
                                             U. S. DISTRICT JUDGE
</pre>